Joseph C. DeBlasio (NJ 018081996)
Katherine M. DiCicco (NJ 238492017)
JACKSON LEWIS P.C.
766 Shrewsbury Avenue
Tinton Falls, New Jersey 07724
T: (732) 532-6148
F: (732) 842-0301
Attorneys for Defendant
ProBuild Company, LLC d/b/a Builders FirstSource
(incorrectly named as Builders FirstSource Northeast Group, Inc.)

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| STEPHEN TAVARES,<br><br>                             Plaintiff,<br><br>v.<br><br>BUILDERS FIRSTSOURCE NORTHEAST GROUP, INC.; and JOHN DOES 1-5 and 6-10,<br><br>                             Defendants. | Civil Action No. ____ - _____ (___/___)<br><br>**NOTICE AND PETITION**<br>**FOR REMOVAL** |

TO:   Clerk, United States District Court for the District of New Jersey
        Mitchell H. Cohen Building & U.S. Courthouse
        4th & Cooper Streets
        Camden, New Jersey 08101

        Kevin M. Costello, Esq.
        Costello & Mains, LLC
        18000 Horizon Way
        Suite 800
        Mount Laurel, New Jersey 08054

Defendant ProBuild Company LLC d/b/a Builders FirstSource ("Defendant" or "BFS"), incorrectly named as "Builders FirstSource Northeast Group, Inc.," pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, respectfully submits this Notice and Petition for Removal of a case from the

Superior Court of New Jersey, Law Division, Atlantic County, bearing Docket No. ATL-L-207-21, and as grounds for removal alleges as follows:

1. On January 22, 2021, Plaintiff Stephen Tavares ("Plaintiff") filed a civil action captioned *Stephen Tavares v. Builders FirstSource Northeast Group, Inc. and John Does 1-5 and 6-10*, Docket No. ATL-L-207-21, in the Superior Court of New Jersey, Law Division, Atlantic County. A true and correct copy of the Complaint is attached hereto as Exhibit A.

2. Defendant first received notice of this Complaint on January 28, 2021, which is within thirty (30) days of the filing of this Notice and Petition for Removal.

3. This Notice and Petition for Removal is timely filed within the provisions of 28 U.S.C. § 1446. Defendant has effected removal within thirty (30) days of receipt by it of a paper from which it could first be ascertained that this action is removable. *See* 28 U.S.C. § 1446.

4. No proceedings have taken place in the state court action. Defendant has not served an Answer or other responsive pleading to Plaintiff's Complaint or made any appearance or argument before the Superior Court of New Jersey, except to file a notice of this Removal Petition pursuant to 28 U.S.C. § 1446(d).

**DIVERSITY OF CITIZENSHIP JURISDICTION**

5. The Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(2) because it is a civil action between citizens of a state and citizens or subjects of a foreign state, and the amount in controversy exceeds $75,000, exclusive of interest and costs. This case may therefore be removed pursuant to 28 U.S.C. § 1441.

6. 28 U.S.C. § 1441(a) provides, in relevant part, that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district

and division embracing the place where such action is pending."

7. This action is one over which this Court has original jurisdiction. Pursuant to 28 U.S.C. § 1332(a)(2), the district courts have original jurisdiction of all civil actions between citizens of a State and citizens or subjects of a foreign State where the matter in controversy exceeds the sum or value of $75,000.

8. In this matter, there is complete diversity of citizenship between Plaintiff and Defendant. At the time of the filing of the subject Complaint and the filing of this Removal Petition, Plaintiff was and is a citizen and resident of the State of New Jersey. *See* Exhibit A, Complaint at ¶ 1.

9. Builders FirstSource Northeast Group, Inc., the named defendant, is not a presently existing legal entity, and thus is improperly named in this action. Builders FirstSource Northeast Group, Inc., is superseded by Defendant BFS.

10. Defendant BFS is and has been, both upon the filing of the Complaint on January 22, 2021 and the filing of this Removal Petition, a corporation duly created and incorporated in the State of Delaware and with its principal place of business and corporate headquarters in Dallas, Texas.

11. Thus, because Plaintiff is a citizen of the State of New Jersey, and Defendant is a citizen of the States of Delaware and Texas, complete diversity of citizenship exists.

## **AMOUNT IN CONTROVERSY**

12. Plaintiff seeks recovery of compensatory damages, punitive damages, attorneys' fees, costs, and other legal and equitable relief, but has not specifically enumerated the amount in controversy in the Complaint. However, the fact that a Complaint does not on its face state the amount it seeks to recover will not defeat diversity jurisdiction. When a plaintiff has not specified

that the amount in controversy is less than the jurisdictional minimum, the defendant need only show that, to a legal certainty, the amount in controversy exceeds the threshold requirement. *See Samuel-Bassett v. Kia Motors Am., Inc.*, 357 F.3d 392, 397-98 (3d Cir. 2004); *see also Raspa v. Home Depot*, 533 F. Supp. 2d 514 (D.N.J. 2007) (legal certainty test satisfied by demand for compensatory damages, punitive damages, and attorneys' fees).

13. In this case, Plaintiff alleges race discrimination and hostile work environment sexual harassment in violation of the New Jersey Law Against Discrimination, N.J.S.A. §§ 10:5-1 to -49. The entire amount in controversy appears to contemplate an amount exceeding the sum or value of $75,000. In the Complaint, Plaintiff seeks both legal and equitable relief, including but not limited to compensatory damages, including back pay, front pay, and emotional distress damages, liquidated damages, punitive damages, interest, attorneys' fees and enhancements, costs of suit, and other such legal and equitable relief as the Court deems just and proper. Given the relief requested by Plaintiff, Defendant submits the amount in controversy well exceeds the jurisdictional amount of $75,000. Therefore, the jurisdictional threshold of $75,000 is satisfied.

14. Therefore, this Court has original jurisdiction over Plaintiff's claims by virtue of diversity of citizenship and satisfaction of the amount in controversy requirement of 28 U.S.C. § 1332(a)(2). Thus, this action may be removed to this Court pursuant to 28 U.S.C. § 1441(a).

15. Defendant submits this Notice and Petition for Removal without waiving any defenses to the claims asserted by Plaintiff and without conceding that Plaintiff has pleaded claims upon which relief may be granted.

## **VENUE**

16. Pursuant to 28 U.S.C. §§ 1441(a), venue lies in the United States District Court for the District of New Jersey, Camden Vicinage, because the state action was filed in this District

and this is the judicial district in which the action arose.

## NOTICE

17.     Pursuant to 28 U.S.C. § 1446(d), Defendant has given written notice of the removal of this action to all adverse parties and have filed a copy of this Notice with the Clerk of the Superior Court of New Jersey, Law Division, Atlantic County.

**WHEREFORE**, Defendant respectfully requests that the within action, now pending in the Superior Court of New Jersey, Law Division, Atlantic County, Docket No. MER-L-207-21, be removed to the United States District Court for the District of New Jersey, Camden Vicinage.

    Respectfully submitted,

    JACKSON LEWIS P.C.
    766 Shrewsbury Avenue
    Tinton Falls, New Jersey 07724
    T: (732) 532-6148
    F: (732) 842-0301
    Attorneys for Defendant

    By: /s/ *Joseph C. DeBlasio*
        Joseph C. DeBlasio
        Katherine M. DiCicco

Dated: February 19, 2021

4817-3142-1661, v. 1

**EXHIBIT A**

**COSTELLO & MAINS, LLC**
By: Kevin M. Costello, Esquire
Attorney I.D. No. 024411991
18000 Horizon Way, Suite 800
Mount Laurel, NJ 08054
(856) 727-9700
Attorneys for Plaintiff

| | | |
|---|---|---|
| STEPHEN TAVARES, | : | SUPERIOR COURT OF NEW JERSEY |
| | : | ATLANTIC COUNTY - LAW DIV. |
| Plaintiff, | : | |
| | : | CIVIL ACTION |
| vs. | : | |
| | : | |
| BUILDERS FIRSTSOURCE NORTHEAST GROUP, INC. and JOHN DOES 1-5 AND 6-10. | : | DOCKET NO: |
| | : | |
| Defendants. | : | **COMPLAINT AND JURY DEMAND** |

Plaintiff, Stephen Tavares, residing in Atlantic County, New Jersey, by way of Complaint against the defendants, says:

**Preliminary Statement**

This matter is opened to the Court alleging race and sexual harassment in violation of the New Jersey Law Against Discrimination ("LAD").

**Identification of Parties**

1. Plaintiff Stephen Tavares is, at all relevant times herein, a resident of the State of New Jersey and a former employee of the Defendants.

2. Defendant Builders FirstSource Northeast Group, Inc. is, upon information and belief, a business entity maintaining citizenship and domicile in the State of New Jersey conducting business at 950 Mill Road, Pleasantville, New Jersey 08232 and, at all relevant times herein, was the employer of Plaintiff.

1

3. Defendants John Does 1-5 and 6-10, currently unidentified, are individuals and/or entities who, on the basis of their direct acts or on the basis of *respondeat superior*, are answerable to the plaintiff for the acts set forth herein.

## General Allegations

4. Plaintiff began working for Defendants as a forklift operator in or around September 2019.

5. At all relevant times herein, Plaintiff performed his duties up to or beyond the reasonable expectations of his employer.

6. Plaintiff is multi-racial, including being of Cape Verdean descent.

7. Plaintiff is male.

8. All harassment herein is alleged to be severe and/or pervasive.

9. All harassment herein is alleged to have been because of Plaintiff's sex and/or race.

10. All harassment set forth herein is such that a reasonable person in Plaintiff's circumstance would have found his work environment altered to become hostile, intimidating and/or abusive.

11. Plaintiff's work environment did so alter.

12. The harassment was purposeful, intentional and willful, and undertaken by members of upper management in fact and in law.

13. Defendants' never provided any form of discrimination or harassment training.

14. When Plaintiff first began working he was informed by one of his managers he needed a "thick skin" in order to work there.

15. On one occasion, in or around November 2019, Plaintiff was speaking to his fiancée who was pregnant.

16. Plaintiff's manager Anthony Gamblain stated to Plaintiff "pregnant pussy is the best."

17. Gamblain made this comment in front of another manager, Shane Gibson, as well as another employee.

18. In shock, Plaintiff did not respond.

19. Noticing Plaintiff's reaction, Gamblain stated "What? Go ahead and call HR. I'm just a vulgar person. I don't care."

20. On another occasion, the employees had ordered pizza for lunch.

21. After lunch was over, Gamblain loudly stated, in reference to Plaintiff, "You can tell he's black, because he ate all of the buffalo chicken pizza."

22. Gibson was present as well when this occurred and laughed at Gamblain's comment.

23 In or around September 2019, Gibson screamed "Fucking black people!" next to Gamblain, apparently in frustration with an African-American employee.

24. Defendants' management cultivated an environment where racist and sexist behavior was permitted.

25. On one occasion a driver, Eric Fetro, was saying "Monica" repeatedly in the yard.

26. When Plaintiff explained that he did not understand what Fetro meant, Fetro began repeating the word very slowly so that it sounded like "my nigga."

27. Plaintiff was not amused by Fetro's racist language, however, Fetro continued to repeat the term throughout Plaintiff's employment.

3

28. When discussing sending a truck up to New York, mangers Gamblain and Gibson made comments that if they sent certain employees up with Plaintiff, that it would be "free road head."

29 Gamblain was speaking on one occasion to Gibson stating that employee Dakota Maroz gave another employee Anthony Vega "road head."

30. While in the bathroom on one occasion as Plaintiff walked in, Maroz yelled at Plaintiff and stated, "Hurry up, this thing is not going to hold itself."

31. Gibson and Gamblain also referred to an African-American employee as "Black John."

32. Plaintiff never referred to the employee as that term.

33. Due to the hostile environment Plaintiff was subjected to by members of upper management, Plaintiff sought a new position and put in his two-week notice in or around March 23, 2020.

33. As Plaintiff had enough accrued paid time off and out of fear due to the pandemic and recent shut down, Plaintiff requested to take his paid time off time for the remainder of his notice.

34. Plaintiff submitted the request to Gibson.

35. Gibson responded by terminating Plaintiff.

36. As Plaintiff was leaving, he overheard Gibson stating he wished he never hired the Plaintiff and that he wished he never hired at least four other employees, all of whom are African-American and/or of African-American descent.

37. Because the harassment herein was intentionally egregious, and because it was participated in by upper management, punitive damages are warranted.

4

38. As a result of Defendants' behavior, Plaintiff suffered economic and emotional harms.

## COUNT I

### Racial Harassment Under the LAD

39. Plaintiff hereby repeats and re-alleges paragraphs 1 through 38, as though fully set forth herein.

40. For the reasons set forth above, Plaintiff contends that the Defendants created and perpetuated a racially abusive and harassing environment for which the Defendants are jointly and severally liable.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with compensatory damages, non-economic compensatory damages, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement and any other relief the Court deems equitable and just.

## COUNT II

### Sexual Harassment Under the LAD

41. Plaintiff hereby repeats and re-alleges paragraphs 1 through 40, as though fully set forth herein.

42. For the reasons set forth above, Plaintiff contends that the Defendants created and perpetuated a sexually abusive and harassing environment for which the Defendants are jointly and severally liable.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with compensatory damages, non-economic compensatory damages,

5

punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement and any other relief the Court deems equitable and just.

### COUNT III

### Request for Equitable Relief

43. Plaintiff hereby repeats and re-alleges paragraphs 1 through 42 as though fully set forth herein.

44. Plaintiff requests the following equitable remedies and relief in this matter.

45. Plaintiff requests a declaration by this Court that the practices contested herein violate New Jersey law as set forth herein.

46. Plaintiff requests that this Court order the defendants to cease and desist all conduct inconsistent with the claims made herein going forward, both as to the specific plaintiff and as to all other individuals similarly situated.

47. To the extent that plaintiff was separated from employment and to the extent that the separation is contested herein, plaintiff requests equitable reinstatement, with equitable back pay and front pay.

48. Plaintiff requests, that in the event that equitable reinstatement and/or equitable back pay and equitable front pay is ordered to the plaintiff, that all lost wages, benefits, fringe benefits and other remuneration is also equitably restored to the plaintiff.

49. Plaintiff requests that the Court equitably order the defendants to pay costs and attorneys' fees along with statutory and required enhancements to said attorneys' fees.

50.    Plaintiff requests that the Court order the defendants to alter their files so as to expunge any reference to which the Court finds violates the statutes implicated herein.

51.    Plaintiff requests that the Court do such other equity as is reasonable, appropriate and just.

WHEREFORE, plaintiff demands judgment against the defendants jointly, severally and in the alternative, together with compensatory damages, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, and any other relief the Court deems equitable and just.

**COSTELLO & MAINS, LLC**

Dated:  January 22, 2021

By:  **/s/Kevin M. Costello**_____
**Kevin M. Costello**

## DEMAND TO PRESERVE EVIDENCE

1. All defendants are hereby directed and demanded to preserve all physical and electronic information pertaining in any way to plaintiff's employment, to plaintiff's cause of action and/or prayers for relief, to any defenses to same, and pertaining to any party, including, but not limited to, electronic data storage, closed circuit TV footages, digital images, computer images, cache memory, searchable data, emails, spread sheets, employment files, memos, text messages and any and all online social or work related websites, entries on social networking sites (including, but not limited to, Facebook, twitter, MySpace, etc.), and any other information and/or data and/or things and/or documents which may be relevant to any claim or defense in this litigation.

2. Failure to do so will result in separate claims for spoliation of evidence and/or for appropriate adverse inferences.

**COSTELLO & MAINS, LLC**

By: **/s/Kevin M. Costello**
         Kevin M. Costello

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

**COSTELLO & MAINS, LLC**

By: **/s/Kevin M. Costello**
         Kevin M. Costello

## RULE 4:5-1 CERTIFICATION

1. I am licensed to practice law in New Jersey and am responsible for the captioned matter.

2. I am aware of no other matter currently filed or pending in any court in any jurisdiction which may affect the parties or matters described herein.

**COSTELLO & MAINS, LLC**

By: **/s/Kevin M. Costello**
      **Kevin M. Costello**

## DESIGNATION OF TRIAL COUNSEL

Kevin M. Costello, Esquire, of the law firm of Costello & Mains, LLC, is hereby-designated trial counsel.

**COSTELLO & MAINS, LLC**

By: **/s/Kevin M. Costello**
      **Kevin M. Costello**